# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Timmie Danos, Inc.** | ) | CIVIL ACTION |
| **Plaintiff** | ) | |
| | ) | NO. |
| **versus** | ) | |
| | ) | |
| **David Mott** | ) | JUDGE |
| **Defendant** | ) | MAGISTRATE |
| | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

NOW INTO COURT, through undersigned counsel, comes plaintiff, Timmie Danos, Inc. a Louisiana corporation with its principal place of business located in Lafourche Parish, Louisiana, which alleges and avers as follows:

**I.**

This Court has jurisdiction over this claim for relief pursuant to 28 U.S.C. §1333(1) as this controversy is governed by the Admiralty and Maritime Law of the United States.

**II.**

Made defendant herein is, David Mott, an adult resident of Lafourche Parish, Louisiana, and a Jones Act seaman and a member of the crew of **M/V Timmie Danos,** on which he served as a Captain at all times relevant hereto.

**III.**

Defendant, Mott, pursuant to the General Maritime Law, has pursued a demand for disability, maintenance and cure from plaintiff as his employer under the Jones Act, but on information and belief, Mott did not have an injury on, nor fall ill in the service of the vessel, and it appears that he is suffering from self-inflicted physical abuse injuries; from long term personal physical neglect .

**IV.**

While at all times reserving its defenses to any claim for disability, maintenance and cure brought by the defendant, and without conceding that defendant is entitled to any disability, maintenance and cure, plaintiff contends that is has conducted a thorough investigation of the demand for disability, maintenance and cure, and that it is relieved of the obligation to pay disability benefits, maintenance and cure, as a consequence of the defendant's willful activities, misconduct and misrepresentation as to the origin, nature, and extent of any injury and/or illness while Mott was employed, and/or in the service of the vessel.

**V.**

In addition, or alternatively, plaintiff contends that it is relieved of the obligation to pay maintenance and cure to the defendant, if any obligation exists, as a consequence of the defendant's misrepresentations, personal mis-conduct, and fabrications, preventing an opportune or reasonable and timely investigation into his demand for disability, maintenance and cure, and the validity and origins thereof.

**VI.**

Alternatively, and as a further additional defense to any claim for disability, maintenance and cure, and upon information and belief therein, plaintiff contends that the defendant has forfeited any right to claim maintenance and cure as a consequence of the defendant's personal failure to timely disclose and or take measures to remedy or reverse self-inflicted, relevant pre-existing medical conditions that caused, or may have caused, in whole or in part, the condition, illnesses and/or injuries presented, and for which he is presently demanding disability, maintenance, and cure, or other remedies or payments, and which related directly to defendant's employability with plaintiff.

## VII.

As a consequence of the defendant's conduct, or misconduct, plaintiff, Timmie Danos. Inc., is therefore uncertain of its obligation to pay any disability, maintenance, and cure to the defendant, or alternatively, further maintenance and cure to the defendant, or whether it may be entitled to claim credit or recovery, for payments, whether maintenance and cure, or other, maintenance and cure already paid to the defendant and/or of the extent of the obligation, if any, thereby exposing it to claims for compensatory and other claims for damages or attorney fees, should any right to maintenance and cure be shown to exist by a preponderance of the evidence.

## VIII.

Accordingly, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201, Timmie Danos, Inc., hereby respectfully requests that this Court hear the evidence, and thereafter declare, decree, and adjudge that plaintiff has no ( or further) obligation under the Admiralty and Maritime Law to pay disability, maintenance, and cure to the defendant, David Mott, or that if any such obligation does exist under the General Maritime Law that the plaintiff is relieved of the obligation as a consequence of the defendant's willful misconduct, total lack of personal care, fabrication, misrepresentations, and refusal to cooperate with plaintiff's efforts to obtain a full timely investigation.

**WHEREFORE,** premises considered, Timmie Danos, Inc., prays that defendant, David Mott, be made a party defendant to this proceeding and that after all legal delays and due proceedings have been had, that there be judgment herein in favor of plaintiff, Timmy Danos, Inc., and against defendant, David Mott, declaring that Timmy Danos, Inc., is thereby relieved of any obligation to pay (further) maintenance and cure benefits to David Mott, at defendant's costs, and for all other such relief as justice may require and that this Court be competent to grant.

**Respectfully Submitted,**

//Fred E. Salley

BY:_____
**FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana   70434
Telephone: (985) 867-8830
Facsimile   (985) 867-3368
Counsel for Plaintiff, Timmie Danos, Inc.**

# VERIFICATION

**State of Louisiana:**

**Parish of Lafourch:**

Now before me, a Notary Public, for the State and Parish aforesaid, came and appeared

# RONALD E. CHADDOCK

Who after being placed under oath, stated that he is a major and citizen of the state and parish as referenced herein, and the Manager for REC Marine Logistics, LLC:

That he is familiar with DeQuincy Richard and with the facts of his claim for Maintenance and Cure;

That he has read the proposed complaint seeking relief under Declaratory Judgment, and it is true and correct to the best of his current knowledge, information, and belief.

_____
**Ronald E. Chaddock**

Sworn to and subscribed to before me, a Notary Public, on this _____ day of June 2018

_____
Notary Public, State of Louisiana